UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KARISSA A. RONKIN                        )
1036 Newton Street, N.E.                 )
Washington, D.C. 20017                   )
                                         )
        Plaintiff,                       )
                                         )    Civil Action No. 1:12-CV-00729 (RBW)
        v.                               )
                                         )
OFFICER ANDY B. VIHN                     )
600 5th Street, N.W.                     )
Washington, D.C. 20001                   )
                                         )
        Defendant.                       )
                                         )

DEFENDANT ANDY B. VINH'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, WMATA Transit Officer Andy B. Vinh, comes before this Court and answers Plaintiff's Complaint.

1.    Defendant admits the existence of the statute referenced in paragraph one (1) of Plaintiff's complaint, but denies that the action is lawfully brought pursuant to it.

2.    Defendant admits the existence of the statute referenced in paragraph two (2) of Plaintiff's complaint, but denies that the jurisdiction of this court over this Defendant or these claims is conferred solely by reason thereof.

3.    Defendant admits the allegations contained in paragraph three (3) of Plaintiff's complaint.

4.    Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph four (4) of Plaintiff's complaint.

5.    Defendant admits the allegations contained in paragraph five (5) of Plaintiff's complaint.   With respect to the allegations contained in footnote one to paragraph five

1

(5) Defendant admits only that WMATA is an interstate compact agency and instrumentality of Maryland, Virginia, and the District of Columbia, approved by Congress through Pub. L. No. 89-774 and its headquarters is at 600 Fifth Street, N.W., Washington, D.C. 20001.  WMATA maintains a police force as alleged.

6.      Upon information and belief, Defendant admits the allegations contained in paragraph six (6) of Plaintiff's complaint with respect to the date, time and location, but is without sufficient knowledge or information upon which to admit or deny the remaining allegations contained in paragraph six (6) of   Plaintiff's complaint.

7.      Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph seven (7) of Plaintiff's complaint.

8.      Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph eight (8) of Plaintiff's complaint.

9.      Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph nine (9) of Plaintiff's complaint.

10.      Defendant denies the allegations contained in paragraph ten (10) of Plaintiff's complaint.

11.      Upon information and belief, Defendant admits the allegations contained in paragraph eleven (11) of Plaintiff's complaint.

12.      Defendant admits that Plaintiff re-entered the station after being given a lawful order to leave, but is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph twelve (12) of Plaintiff's complaint.

13.      Defendant denies the allegations contained in paragraph thirteen (13) of Plaintiff's complaint.

14.    Defendant denies the allegations contained in paragraph fourteen (14) of Plaintiff's complaint.

15.    Defendant admits that the quoted material is correctly attributed to Defendant, but denies the remaining allegations contained in paragraph fifteen (15) of Plaintiff's complaint.

16.    Defendant admits that the quoted material is correctly attributed to Plaintiff but is without sufficient knowledge or information regarding Plaintiff's intentions.

17.    Defendant that the quoted material is correctly attributed to Defendant, but denies the allegations contained in paragraph seventeen (17) of Plaintiff's complaint.

18.    Defendant denies the allegations contained in paragraph eighteen (18) of Plaintiff's complaint.

19.    Defendant admits that the quoted material is correctly attributed to Plaintiff as alleged, but denies the remaining allegations contained in paragraph nineteen (19) of Plaintiff's complaint.

20.    Defendant denies the allegations contained in paragraph twenty (20) of Plaintiff's complaint.

21.    Defendant denies the allegations contained in paragraph twenty-one (21) of Plaintiff's complaint.

22.    Defendant denies the allegations contained in paragraph twenty-two (22) of Plaintiff's complaint.

23.    Defendant admits ordering Plaintiff to "stop resisting," but denies the remaining allegations contained in paragraph twenty-three (23) of Plaintiff's complaint.

24.    Defendant denies the allegations contained in paragraph twenty-four (24) of Plaintiff's complaint.

25.    Defendant denies the allegations contained in paragraph twenty-five (25) of Plaintiff's complaint.

26.    Defendant denies the allegations contained in paragraph twenty-six (26) of Plaintiff's complaint.

27.    Upon information and belief, Defendant admits the allegations contained in paragraph twenty-seven (27) of   Plaintiff's complaint.

28.    Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph twenty-eight (28) of Plaintiff's complaint.

29.    Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph twenty-nine (29) of Plaintiff's complaint.

30.    Upon information and belief, Defendant admits the allegations contained in paragraph thirty (30) of Plaintiff's complaint.

31.    Upon information and belief, Defendant admits the allegations contained in paragraph thirty-one (31) of Plaintiff's complaint.

32.    Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph thirty-two (32) of Plaintiff's complaint.

33.    Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph thirty-three (33) of Plaintiff's complaint.

34.    Defendant denies the allegations contained in paragraph thirty-four (34) of Plaintiff's complaint.

35.    Defendant denies that the entire incident was recorded as alleged in paragraph thirty-five (35) of Plaintiff's complaint.

36.    Defendant is without sufficient knowledge or information upon which to

4

admit or deny the allegations contained in paragraph thirty-six (36) of Plaintiff's complaint.

37.     Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph thirty-seven (37) of Plaintiff's complaint.

38.     Defendant denies the allegations contained in paragraph thirty-eight (38) of Plaintiff's complaint.

39.     Defendant denies the allegations contained in paragraph thirty-nine (39) of Plaintiff's complaint.

40.     Defendant denies the allegations contained in paragraph forty   (40) of Plaintiff's complaint.

<u>COUNT I</u>

41.     Defendant incorporates his responses to paragraphs one (1) through forty (40) of   Plaintiff's complaint in response to paragraph forty-one (41) of Plaintiff's complaint.

42.     The allegations contained in paragraph forty-two (42) are represented to be statements of law and as such no response is required.   Defendant does not concede the correctness of the statement.

43.     The allegations contained in paragraph forty-three (43) are represented to be statements of law and as such no response is required.   Defendant does not concede the correctness of the statement.

44.     The allegations contained in paragraph forty-four (44) of Plaintiff's complaint are represented to be statements of law and as such no response is required.   Defendant does not concede the correctness of the statement.

45.     Defendant admits that Plaintiff Ronkin made the alleged statement, but Defendant denies the remaining allegations contained in paragraph forty-five (45) of Plaintiff's complaint.

46.     Defendant denies the allegations contained in paragraph forty-six (46) of Plaintiff's complaint.

47,     Defendant denies the allegations contained in paragraph forty-seven (47) of Plaintiff's complaint.

48.     Defendant denies the allegations contained in paragraph forty-eight (48) of Plaintiff's complaint.

49.     Defendant denies the allegations contained in paragraph forty-nine (49) of Plaintiff's complaint.

50. Defendant denies the allegations contained in paragraph fifty (50) of Plaintiff's complaint.

<u>COUNT II</u>

51,     Defendant incorporates his responses to paragraphs one (1) through fifty (50) of   Plaintiff's complaint in response to paragraph fifty-one (51) of Plaintiff's complaint.

52.     The allegations contained in paragraph fifty-two (52) of Plaintiff's complaint are represented to be statements of law and as such no response is required.  Defendant does not concede the correctness of the statement.

53.     The allegations contained in paragraph fifty-three (53) of Plaintiff's complaint are represented to be statements of law and as such no response is required.  Defendant does not concede the correctness of the statement.

54.     Defendant admits that Ms. Ronkin was charged as alleged in paragraph fifty-four (54), but denies the remaining allegations contained therein.

55.     Defendant denies the allegations contained in paragraph fifty-five of Plaintiff's complaint.

56. Defendant admits that Plaintiff Ronkin made the alleged statement, but Defendant denies the remaining allegations contained in paragraph fifty-six (56) of Plaintiff's complaint.

57. Defendant denies the allegations contained in paragraph fifty-seven (57) of Plaintiff's complaint.

58. Defendant denies the allegations contained in paragraph fifty-eight (58) of Plaintiff's complaint.

59. Defendant denies the allegations contained in paragraph fifty-nine (59) of Plaintiff's complaint.

60. Under information and belief, Defendant admits that there was no outstanding warrant for Mr. Ronkin's arrest, but denies the remaining allegations contained in paragraph sixty (60) of Plaintiff's complaint.

61. Defendant denies the allegations contained in paragraph sixty-one (61) of Plaintiff's complaint.

<u>COUNT III</u>

62. Defendant incorporates his responses to paragraphs one (1) through sixty-one (61) of Plaintiff's complaint in response to the allegations contained in paragraph sixty-two (62) of Plaintiff's complaint.

63. The allegations contained in paragraph sixty-three (63) of Plaintiff's complaint are represented to be statements of law and as such no response is required. Defendant does not concede the correctness of the statement.

64. The allegations contained in paragraph sixty-four (64) of Plaintiff's complaint are represented to be statements of law and as such no response is required. Defendant does not concede the correctness of the statement.

65. Defendant denies the allegations contained in paragraph sixty-five (65) of Plaintiff's complaint.

66. Defendant denies the allegations contained in paragraph sixty-six (66) of Plaintiff's complaint.

67. Defendant denies the allegations contained in paragraph sixty-seven (67) of Plaintiff's complaint.

68. Defendant denies the allegations contained in paragraph sixty-eight (68) of Plaintiff's complaint.

69. Defendant denies the allegations contained in paragraph sixty-nine (69) of Plaintiff's complaint.

70. Defendant denies the allegations contained in paragraph seventy (70) of Plaintiff's complaint.

71. Defendant denies the allegations contained in paragraph seventy-one (71) of Plaintiff's complaint.

<u>COUNT IV</u>

72. Defendant incorporates his responses to paragraphs one (1) through seventy-one (71) of Plaintiff's complaint in response to paragraph seventy-two (72) of Plaintiff's complaint.

73. The allegations contained in paragraph seventy-three (73) of Plaintiff's complaint are represented to be statements of law and as such no response is required.   Defendant does not concede the correctness of the statement.

74. Defendant denies the allegations contained in paragraph seventy-four (74) of Plaintiff's complaint.

75. Defendant denies the allegations contained in paragraph seventy-five (75) of

Plaintiff's complaint.

76.     Defendant denies the allegations contained in paragraph seventy-six (76) of Plaintiff's complaint.

77.     Upon information and belief, Defendant admits the allegations contained in paragraph seventy-seven (77) of Plaintiff's complaint.

78.     Defendant denies the allegations contained in paragraph seventy-eight (78) of Plaintiff's complaint.

79.     Defendant denies the allegations contained in paragraph seventy-nine (79) of Plaintiff's complaint.

COUNT V

80.     Defendant incorporates his responses to paragraphs one (1) through seventy-nine (79) of Plaintiff's complaint in response to paragraph eighty (80) of Plaintiff's complaint.

81.     The allegations contained in paragraph eighty-one (81) of Plaintiff's complaint are represented to be statements of law and as such no response is required.  Defendant does not concede the correctness of the statement.

82.     Defendant denies the allegations contained in paragraph eighty-two (82) of Plaintiff's complaint.

83.     Defendant denies the allegations contained in paragraph eighty-three (83) of Plaintiff's complaint.

84.     Defendant denies the allegations contained in paragraph eighty-four (84) of Plaintiff's complaint.

85.     Defendant denies the allegations contained in paragraph eighty-five (85) of Plaintiff's complaint.

86.     Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph eighty-six (86) of Plaintiff's complaint.

87.     Defendant is without sufficient knowledge or information upon which to admit or deny the allegations contained in paragraph eighty-seven (87) of Plaintiff's complaint.

88.     Defendant denies the allegations contained in paragraph eighty-eight (88) of Plaintiff's complaint.

89.     Defendant denies the allegations contained in paragraph eighty-nine (89) of Plaintiff's complaint.

COUNT VI

90.     Defendant incorporates his responses to paragraphs one (1) through eighty-nine (89) of Plaintiff's complaint in response to paragraph ninety (90) of Plaintiff's complaint.

91.     The allegations contained in paragraph ninety-one (91) of Plaintiff's complaint are represented to be statements of law and as such no response is required.  Defendant does not concede the correctness of the statement.

92.     Defendant denies the allegations contained in paragraph ninety-two (92) of Plaintiff's complaint.

93.     Defendant denies the allegations contained in paragraph ninety-three (93) of Plaintiff's complaint.

94.     Defendant denies the allegations contained in paragraph ninety-four (94) of Plaintiff's complaint.

95.     Defendant denies the allegations contained in paragraph ninety-five (95) of Plaintiff's complaint.

Defendant denies all allegations not expressly admitted herein.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

This action is barred by Defendant's qualified immunity and by § 76 of the WMATA Compact.

THIRD AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted with the requisite constitutional justification for his actions, including probable cause and reasonable articulable suspicion.

FOURTH AFFIRMATIVE DEFENSE

All actions taken by Defendant were reasonable.

FIFTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and in the reasonable belief that crimes had been and were being committed.

SIXTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant acted with a reasonable amount of force under the circumstances.

SEVENTH AFFIRMATIVE DEFENSE

Should discovery provide a basis, WMATA reserves the right to assert that the Plaintiff's claims are barred by the statute of limitations and/or the doctrine of laches.

EIGHTH AFFIRMATIVE DEFENSE

Defendant WMATA asserts all immunity authorized by law.

WHEREFORE, having fully answered the Complaint, Defendant WMATA respectfully requests that this matter be dismissed and that WMATA be awarded the costs of responding to

11

this lawsuit.

Respectfully submitted,


ANDY B. VINH

Carol B. O'Keeffe
General Counsel

/s/ Mark F. Sullivan
Mark F. Sullivan #430876
Deputy General Counsel


/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C.   20001
(202) 962-1496
kcarey@wmata.com
Attorneys for Defendant VINH


<u>JURY DEMAND</u>

Defendant demands a trial by jury on all issues so triable.


/s/ Kathleen A. Carey
Kathleen A. Carey #357990
Associate General Counsel

12

Certificate of Service

I hereby certify that I served a copy of this Answer to the Complaint by efiling on this

27th day of July 2012 to:

Devon M. Jacob
Travis S. Weber
Dennis E. Boyle
Boyle, Autry & Murphy
1050 Connecticut Avenue, N.W.
10th Floor
Washington, D.C.   20036

/s/Kathleen A. Carey