**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
KARISSA A. RONKIN,                      )
                                        )
                    Plaintiff,          )
        v.                              )        Civil Action No. 12-729 (RBW)
                                        )
ANDY B. VIHN[1]                         )
                                        )
                    Defendant.          )
_____   )

## ORDER

For the reasons to be set forth in the Memorandum Opinion to be issued by the Court within the next sixty days, absent extraordinary circumstances, the Court will grant in part and deny in part Defendant Vinh's Motion for Summary Judgment and deny the Motion of Plaintiff Karissa A. Ronkin for Partial Summary Judgment in a final Order that will be issued contemporaneously with the forthcoming Memorandum Opinion.  Accordingly, it is

**ORDERED** that the Motion of Plaintiff Karissa A. Ronkin for Partial Summary Judgment is **DENIED.**  It is further

**ORDERED** that Defendant Vinh's Motion for Summary Judgment is **GRANTED IN PART** as to the plaintiff's First, Second, and Fourth Claims for Relief and those claims are **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that Defendant Vinh's Motion for Summary Judgment is **DENIED** as to the plaintiff's Third, Fifth, and Sixth Claims for Relief.  It is further

---

[1] The plaintiff incorrectly captioned this case "Karissa A. Ronkin v. Andy B. Vihn," and as a result the case was docketed as such.  However, because the appropriate spelling of the defendant's last name is "Vinh" the Court uses the correct spelling in its Order.

**ORDERED** that parties shall appear before this Court for a status conference on October 16, 2014 at 9:15 a.m., to advise the Court as to how they desire to proceed in light of its rulings on their cross-motions for summary judgment.  It is further

**ORDERED** that this Order is not a final Order subject to appeal.[2]

**SO ORDERED** this 23rd day of September, 2014.

REGGIE B. WALTON
United States District Judge

---

[2] To ensure that there is no confusion about the import of this Order, the Court notes for the benefit of the litigants that this Order is not a "final decision" as that term is used in 28 U.S.C. § 1291.  See St. Marks Place Hous. Co. v. U.S. Dep't of Hous. and Urban Dev., 610 F.3d 75, 79 (D.C. Cir. 2010) ("[A]ppeals may be taken (with certain exceptions not relevant here) only from 'final decisions.'"); id. at 80 (concluding that "district courts can choose when to decide their cases," and when an order states that it "shall not be deemed . . . final," the Court should be "take[n] . . . at its word").  Rather, this Order reflects the Court's disposition of the motions, which was reached only after carefully and thoughtfully considering the arguments of the parties as set forth in their submissions, conducting a thorough review of the record, and drafting a memorandum opinion which explains the Court's rationale in appropriate detail.  With only non-substantive tasks (e.g. reviewing citations to ensure conformity with The Bluebook) remaining before the memorandum opinion can be released to the parties and the public, this matter no longer requires this Court's "judicial attention," and therefore the Court finds it appropriate to issue this Order expressing its disposition of the matter.  See id. (questioning the "propriety" of resolving a motion which "still require[s] judicial attention").